NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3247

ROBBIE G. BLACK,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Robbie G. Black, of Cottondale, Florida, pro se.

Anna Bondurant Eley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for respondent. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director. Of counsel on the brief was Earl Sanders, Office of Personnel Management, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3247

ROBBIE G. BLACK

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: October 9, 2007

_____

Before LOURIE, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Robbie Black ("Mr. Black") appeals the Merit Systems Protection Board's ("Board") final order denying his petition for review regarding his disability retirement application. Black v. Office of Pers. Mgmt., No. AT-844E-06-1156-I-1 (April 4, 2007). The Board determined that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. Id. For the reasons stated herein, we affirm.

BACKGROUND

Mr. Black began working as a Lock and Dam Operator with the Army Corps of Engineers on December 3, 2000.  On November 29, 2005, he tested positive for illegal

drug use (cocaine) and was ordered to leave the job site until cleared by a government approved treatment facility. On December 31, 2005, Mr. Black applied for disability retirement, alleging that he became disabled on December 2, 2005 due to lumbago, pelvic and thigh pain, a sciatic nerve lesion, heartburn, allergic rhinitis, insomnia, anxiety, hypertension, upper respiratory tract infections, malaise, fatigue, lower leg pain, esophageal reflux, hip pain, spine fractures, two shoulder dislocations, a knee injury, severe degenerative disc disease, and synovitis. The Office of Personnel Management ("OPM") denied Mr. Black's application because he did not submit objective medical evidence of his condition. Mr. Black timely appealed to the Board.

The Administrative Judge ("AJ") agreed with OPM that Mr. Black did not establish that he had a medical condition of the severity to warrant restriction from the workplace altogether. In arriving at this conclusion, the AJ considered Mr. Black's successful performance ratings from the Army Corps of Engineers, noting that the most recent review occurred immediately before he applied for disability retirement. Mr. Black argued that, despite his successful performance ratings, he had difficulty performing his duties and suffered pain while doing so. The AJ explained that "it is well settled that when an employee is uncomfortable at work, but nevertheless is able to perform his duties satisfactorily, he is not considered disabled."

The AJ also considered the suspicious timing of Mr. Black's alleged disability, "a mere three days" after he tested positive for cocaine use and was ordered to leave the job site. This fact was not outcome dispositive but was a relevant factor that the AJ found detracted from the force of his disability retirement application. Thus, considering the timing of his application relative to that of his removal, and considering his recent

successful performance ratings, the AJ concluded that Mr. Black did not show by preponderant evidence that he was disabled from performing the duties of his position. Mr. Black filed a petition for review of the AJ's initial decision, which the Board denied in a final order dated April 4, 2007.

Meanwhile, Mr. Black challenged the propriety of his removal from the job site in a separate action. On May 29, 2007, he agreed to dismiss that action with prejudice pursuant to a settlement agreement with the Department of the Army. In return, the Department of the Army agreed to "cancel Appellant's removal action and to expunge it from his official personnel file and all other official records it maintains pertaining to the removal decision." By the time this settlement agreement was finalized on May 30, 2007, the Board's April 4, 2007 order had been final for nearly eight weeks.

Mr. Black filed an appeal to this court from the Board's decision in light of the May 30, 2007 settlement agreement canceling and expunging his removal action. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in any appeal from the Board is limited. Generally, we must affirm the decision of the Board unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). In appeals from the Board regarding disability retirement under the Federal Employees' Retirement System ("FERS"), however, our review is even further limited. Under FERS, decisions regarding disability retirement are "final and conclusive and are not subject to review." 5 U.S.C. § 8461(d). Given this

statutory mandate, this court is "without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations." Gooden v. Office of Pers. Mgmt., 471 F.3d 1275, 1278 (Fed. Cir. 2006) (citing Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985)); accord Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995). Rather, review is limited to determining "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative process." Gooden, 471 F.3d at 1278 (quoting Lindahl, 470 U.S. at 791) (internal quotation marks omitted).

Mr. Black argues that the Board erred in considering his successful performance ratings. He points to a fellow lock operator with similar ratings who received disability retirement. Under FERS, however, an employee is disabled only if he is "unable, because of disease or injury, to render useful and efficient service" in his position. 5 U.S.C. § 8451(a)(1)(B). Accordingly, in order to receive a disability annuity, the employee must show that his disability results in "a deficiency in performance, conduct, or attendance" or is incompatible with "useful and efficient service or retention in the position." 5 C.F.R. § 844.103(a)(2). It was therefore proper for the Board to consider Mr. Black's alleged disability in light of his successful performance ratings. What may or may not have occurred during the course of another lock operator's application for disability retirement is irrelevant to Mr. Black's application and provides no basis for reversal.

Mr. Black also argues that the Board erred in considering the timing of his application relative to the date he tested positive for cocaine use and was ordered to

leave the job site. He points to the May 30, 2007 settlement agreement canceling and expunging his removal action. Because the agreement "removes any wrongful action on [his] part," Mr. Black would now like his application reviewed based solely on medical evidence. However, the agreement did not exist until nearly eight weeks after the Board issued its April 4, 2007 final order, and the Board did not have an opportunity to consider it. "It is well-settled law that appellants from an administrative agency decision may not raise claims for the first time on appeal." Conant v. Office of Pers. Mgmt., 255 F.3d 1371, 1375 (Fed. Cir. 2001) (citing Kachanis v. Dep't of Treasury, 212 F.3d 1289, 1293 (Fed. Cir. 2000); Wallace v. Dep't of the Air Force, 879 F.2d 829, 832 (Fed. Cir. 1989)). Instead, "objections to the proceedings of an administrative agency [must] be made while it has an opportunity for correction in order to raise issues reviewable by the courts." Id. (quoting United States v. L.A. Tucker Truck Lines, 344 U.S. 33, 37 (1952)) (internal quotation marks omitted). Thus, because the Board did not have an opportunity to consider the effect of the settlement agreement on Mr. Black's disability retirement application, the issue is not properly before this court.

Under these circumstances, we do not find a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative process." See Gooden, 471 F.3d at 1278 (quoting Lindahl, 470 U.S. at 791) (internal quotation marks omitted).

CONCLUSION

We conclude that the Board properly denied Mr. Black's petition for review. The decision of the Board is therefore affirmed.

No costs.