**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVEN P. PIRKKALA,

          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

          Agency.

DOCKET NUMBER
AT-844E-12-0029-I-3

DATE: February 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision denying the appellant's application for disability retirement benefits. The appellant has filed a cross-petition for review of the administrative judge's finding that he was

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

not disabled by one of his medical conditions, post-traumatic stress disorder (PTSD). Generally, we grant petitions and cross-petitions only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that neither the petitioner nor the cross-petitioner has not established any basis under section 1201.115 for granting review. Therefore, we DENY the petition for review and the cross-petition for review, and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant filed an application for disability retirement under the Federal Employees' Retirement System (FERS) from the GS-11 position of Correction Treatment Specialist at the Federal Correctional Institute in Miami, Florida, based on a torn labrum,[2] shoulder dislocation, and PTSD. MSPB Docket No. AT-844E-12-0029-I-1, Initial Appeal File (I-1 IAF), Tab 4. In a reconsideration decision, OPM denied the appellant's request, finding that prior to filing his application the appellant had been removed from service due to a conduct issue, a positive drug test for marijuana.[3] *Id.*, Subtab IIA.

---

[2] The labrum is a type of cartilage found in the shoulder joint. *See* Johns Hopkins Sports Medicine Patient Guide (online).

[3] The appellant also applied for Social Security disability benefits. I-1 IAF, Tab 4, Subtab IIB. The Social Security Administration granted the appellant's application, based on his PTSD and other psychological conditions. *Id*.

¶3       The administrative judge found that the appellant's removal for misconduct did not preclude his receipt of disability retirement benefits. MSPB Docket No. AT-044E-12-0029-I-3, Initial Appeal File (I-3 IAF), Tab 37, Initial Decision (ID) at 4. She also found that he failed to show that he was disabled by his PTSD because his psychiatrist had cleared him for return to duty. ID at 5. However, she found that the appellant established through medical evidence and testimony presented at the hearing that his condition of torn labrum/shoulder dislocation, which had onset prior to his removal, was incompatible with his retention in his position. ID at 5-7. She found that the appellant's condition precluded him from performing the law enforcement officer functions of the Correction Treatment Specialist position that required that he be physically able to assist in the event of a riot or other prisoner event. ID at 7.

OPM's petition for review.

¶4       In its petition for review, OPM asserts that the administrative judge erred in failing to consider the appellant's removal for misconduct as a relevant factor that detracts from the appellant's application for disability retirement.

¶5       Removal for misconduct does not preclude an individual's receipt of disability retirement benefits if he can show that he was disabled from performing useful and efficient service in his position prior to the effective date of his removal. *Delceg v. Office of Personnel Management*, 100 M.S.P.R. 467, ¶ 6 (2005), *disagreed with on other grounds by Gooden v. Office of Personnel Management*, 471 F.3d 1275 (Fed. Cir. 2006); *cf. Delgado v. Office of Personnel Management*, 21 M.S.P.R. 453, 455 (1984) (an appellant may not be awarded disability retirement on the basis of a medical condition that disables him from performing the duties of a position from which he was separated for cause prior to the onset of the condition). However, an appellant's application for disability retirement in the face of an impending removal for misconduct may cast doubt upon the veracity of his application. *See Tan-Gatue v. Office of Personnel*

*Management*, [90 M.S.P.R. 116](#), ¶ 12 (2001), *aff'd*, 52 F. App'x 511 (Fed. Cir. 2002).

¶6        OPM relies on *Stevenson v. Office of Personnel Management*, [103 M.S.P.R. 481](#), ¶ 12 (2006), to argue that the appellant's failure to apply for disability retirement until after being removed for misconduct is a relevant factor in this appeal and detracts from the force of his application for a disability retirement annuity.  Appellant Stevenson, a GS-5 Forestry Technician, was removed based on two misconduct charges, one of which he admitted, namely, repeatedly taking large cash advances on his government credit card for personal use.  *Stevenson*, [103 M.S.P.R. 481](#), ¶ 2.   Stevenson appealed his removal to the Board, and during the course of the removal appeal, asserted that he was unable to perform a significant portion of his job duties; that is, those duties involving walking for long periods of time at a high altitude on uneven ground and firefighting.  *Id*.   The parties subsequently entered into a written settlement agreement in which Stevenson withdrew his appeal and his employing agency cancelled the removal action for alleged misconduct, agreed to purge Stevenson's personnel files of all documents related to it, and substituted a removal action for medical inability to perform the essential forest fire suppression duties of his position.  *Id*., ¶ 9. The settlement agreement was accepted into the record for enforcement in an initial decision that dismissed the appeal as settled and became the Board's final decision.  *Id*.

¶7        During the subsequent adjudication of Stevenson's application for disability retirement benefits, the employing agency submitted to OPM both documents related to Stevenson's removal for misconduct and documents drafted pursuant to the settlement agreement providing for removal for inability to perform.  The administrative judge in *Stevenson* found that the employing agency erred when it submitted evidence of the canceled removal action to OPM, and that the appropriate remedy was for the Board to disregard the documents regarding the canceled removal action.  Relying on case law holding that OPM has the authority

to disregard a personnel action taken pursuant to a settlement agreement to which OPM was not a party, when the personnel action was an evasive device designed to allow the appellant to qualify for retirement benefits for which he would otherwise have been ineligible, the Board held that the Board itself, in carrying out its statutory responsibility of reviewing an OPM final decision, may also look behind a settlement agreement to which OPM was not a party. Thus, the Board found that Stevenson's failure to apply for disability retirement until after being removed for misconduct was a relevant factor in his disability retirement appeal that detracted from the force of his application for a disability retirement annuity. *Stevenson*, 103 M.S.P.R. 481, ¶ 12.

¶8        If Stevenson's application for disability retirement had been adjudicated using only the evidence of his removal for inability to perform, in his disability retirement appeal he would have been entitled to the presumption announced by the Board in *Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993). Under the *Bruner* presumption, an employee's removal for physical inability to perform the essential functions of his position constitutes prima facie evidence that he is entitled to disability retirement; the burden of production then shifts to OPM to produce evidence sufficient to support a finding that the applicant is not entitled to disability retirement benefits; and if OPM produces such evidence, the applicant then must come forward with evidence to rebut OPM's assertion that he is not entitled to benefits. *Bruner*, 996 F.2d at 294. The Board adjudicated Stevenson's disability retirement appeal, relying on the medical evidence that he submitted without affording him the *Bruner* presumption. *Stevenson*, 103 M.S.P.R. 481, ¶¶ 13-14. It thus appears that Stevenson's having been removed for misconduct was a relevant factor in his disability retirement appeal to the extent that he was deprived of the *Bruner* presumption.

¶9        Here, there was no settlement that replaced the appellant's removal for misconduct with removal for inability to perform. As the Board did in *Stevenson*,

the administrative judge properly adjudicated the appellant's disability retirement appeal relying on the medical evidence of record, without reference to *Bruner*, consistent with both *Stevenson* and *Delceg*, 100 M.S.P.R. 467, ¶ 6.

¶10     OPM also asserts in its petition that the medical evidence did not establish that the appellant had a disabling condition at the time of his removal.  In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence.  *Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007); 5 C.F.R. § 1201.56(a)(2).  To be eligible for a disability retirement annuity under FERS, an employee must show the following:  (1) he completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he did not decline a reasonable offer of reassignment to a vacant position.  *Thorne,* 105 M.S.P.R. 171, ¶ 5; *see* 5 U.S.C. § 8451(a); *see also* 5 C.F.R. § 844.103(a).

¶11     Here, it is undisputed that the appellant met disability retirement eligibility factors (1), (3), and (5).  He completed at least 18 months of creditable service under FERS.  Also, the condition that he asserts is disabling is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed.  The appellant began treatment for his torn labrum with surgery in 1995, I-1 IAF, Tab 4, Subtab IIB at 69, and his testimony is uncontradicted that his condition became totally disabling on July 30, 2008, when his shoulder came out of its socket, causing him severe pain, as he was moving

some mattresses at the prison, *id.* at 46, 51, 65, 157.[4]  After that incident, the appellant was placed on home duty status for a number of months.  *Id*. at 51.  A radiology report in 2010, more than a year after the appellant's removal, confirmed that he still has "degenerative changes of the superior glanoid Labrum."  *Id*. at 67.  Further, there is no evidence that he declined a reasonable offer of reassignment to a vacant position.  Thus, at issue are factors (2), whether the disabling medical condition, a torn labrum and shoulder dislocation, is incompatible with either useful and efficient service or retention in the position of Correction Treatment Specialist inside of a federal prison, and (4), whether accommodation of the disabling medical condition in that position is unreasonable.  Where, as here, there is no deficiency in performance, attendance, or conduct, as evidenced by the effect of his medical condition, an appellant may show that the disabling medical condition is incompatible with either useful and efficient service or retention in the position by showing that the medical condition is inconsistent with working in general, in his particular line of work, or in his particular type of work setting.  *See Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 10 (2012).

¶12        To determine whether the appellant's disabling medical condition is inconsistent with working in his particular line of work, or in his particular type of work setting, i.e., disability retirement eligibility factor (2), the administrative judge quoted the appellant's position description, noting especially the work environment, that provides:

> All staff in the correctional facility, regardless of their occupations, are expected to perform law enforcement functions. As a result, the incumbent is regularly subject to physical hazards and dangerous conditions such as assaults and hostage situations.  Due to the potential for uncontrollable situations to occur in a correctional institution, the level of risk for hazardous and stressful working conditions is very high . . . .  Daily stress and exposure to potentially

---

[4] The appellant filed a claim with the Office of Workers' Compensation Programs based on this injury.  I-1 IAF, Tab 4, Subtab IIB at 78.

dangerous situations such as physical attack are an inherent part of this position; consequently, it has been designated as a law enforcement position.

I-1 IAF, Tab 4, Subtab IID at 39; ID at 3-4.

¶13    Further, the appellant's treating physician gave his medical opinion that the appellant's right shoulder recurrent instability made him unable to perform useful and efficient service. I-3 IAF, Tab 18. The administrative judge also found that accommodation was unreasonable, i.e., disability retirement eligibility factor (4), in light of the requirement that all personnel at the prison must be physically able to assist in the event of a riot or other prisoner event. ID at 7.

¶14    We note particularly the risk that the appellant's shoulder could become dislocated in prison assaults and hostage situations, an occurrence that could result in harm to his coworkers and failure of the appellant to receive needed emergency treatment that could exacerbate a very hazardous and dangerous situation. The record shows that because the appellant's shoulder dislocated on July 30, 2008, he had to be transported by a fire rescue unit to the hospital for treatment. I-1 IAF, Tab 4, Subtab IIB at 85. Under these circumstances, we find that the administrative judge properly found that the appellant could not meet the work environment requirements of his position, and thus his medical condition is inconsistent with working in his particular type of work setting. We likewise find that the administrative judge properly determined that the appellant met his burden to prove entitlement to disability retirement benefits.

The appellant's cross-petition for review.

¶15    In his cross-petition, the appellant contends that the administrative judge erred in finding that the appellant was not entitled to disability retirement on the basis of his PTSD. The administrative judge properly relied on the evidence of record from the appellant's treating psychiatrist that the appellant could return to duty on March 16, 2008. Although, as the appellant notes in his cross-petition, the psychiatrist stated that the appellant could return with reasonable

accommodation, she did not identify what the reasonable accommodation might be, and the psychiatrist also stated that the appellant's "PTSD is under control." I-1 IAF, Tab 4, Subtab IIB at 97. We therefore agree with the administrative judge that the tenor of the letter from the appellant's psychiatrist shows that the appellant is not disabled by his PTSD.

## ORDER

¶16     We ORDER OPM to grant the appellant's application for disability retirement benefits. OPM must complete this action no later than 20 days after the date of this decision.

¶17     We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶18     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____

William D. Spencer
Clerk of the Board

Washington, D.C.