NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3150

DEBORAH G. HARRISON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Deborah G. Harrison, of Blackstone, Virginia, pro se.

Maame A.F. Ewusi-Mensah, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3150

DEBORAH G. HARRISON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DC844E070720-I-1.

_____

DECIDED: June 10, 2008

_____

Before BRYSON, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Deborah G. Harrison appeals an initial decision of the Merit Systems Protection Board ("Board"), Harrison v. Office of Pers. Mgmt., No. DC844E070720-I-1 (M.S.P.B. Oct. 2, 2007), which became final after the Board denied Ms. Harrison's petition for review, Harrison v. Office of Pers. Mgmt., No. DC844E070720-I-1 (M.S.P.B. Jan. 29, 2008). Because we perceive no error "going to the heart of the administrative process," Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985), we affirm.

Ms. Harrison was employed by the United States Postal Service ("USPS") as a Mail Handler. In April 2006, she filed an application for disability retirement benefits with

the Office of Personnel Management ("OPM"). After reviewing the application and the evidence Ms. Harrison submitted in support, OPM disallowed Ms. Harrison's application because it found "no medical basis for any claimed inability to regularly attend work and perform [her] duties." After OPM rejected Ms. Harrison's motion for reconsideration, she appealed to the Board. In an initial decision, the administrative judge affirmed OPM's decision, finding that Ms. Harrison presented insufficient medical evidence to establish that she is entitled to disability retirement benefits. Ms. Harrison then petitioned for review of the initial decision. The Board, finding no significant new evidence or error in interpreting a law or regulation, denied Ms. Harrison's petition and made the administrative judge's initial decision the final decision of the Board.

Our jurisdiction to review a final decision by the Board is limited by statute—we must affirm that decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Our scope of review is even more limited in cases involving a decision concerning disability retirement under the Federal Employees' Retirement System. In this case, therefore, we do not revisit any of the factual questions related to Ms. Harrison's medical situation. Rather, we review the record to determine "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative process." Gooden v. Office of Pers. Mgmt., 471 F.3d 1275, 1278 (Fed. Cir. 2006) (quoting Lindahl, 470 U.S. at 791) (internal quotations omitted).

In her petition for review, Ms. Harrison does not allege any violation of her procedural rights, misconstruction of legislation, or like error. In fact, Ms. Harrison declines to provide any reason why she believes the Board erred. Instead, she simply states that she wants this court to "[a]pprove of [d]isability [r]etirement." We lack jurisdiction to give Ms. Harrison this relief and are even "without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations." Id. (citing Lindahl, 470 U.S. at 791).

Moreover, our own review of the record reveals no departure from procedural rights, misconstruction of governing legislation, or like error going to the heart of the administrative determination. Accordingly, as we perceive no error within our scope of review, we must affirm the decision of the Board.

COSTS

Each party shall bear its own costs.