**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NICHELLE HAYNES,

          Appellant,

          v.

OFFICE OF PERSONNEL
    MANAGEMENT,

          Agency.

DOCKET NUMBER
AT-844E-21-0553-I-1

DATE: June 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nichelle Haynes</u>, Redan, Georgia, pro se.

<u>Linnette L. Scott</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

(OPM) denying her application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant failed to prove her medical conditions of retinitis pigmentosa, disc degenerative disease, bursitis hip pain/chronic left knee pain, and her work injury were disabling, supplement the administrative judge's analysis by providing a basis for her conclusion that none of the appellant's medical conditions were incompatible with either useful and efficient service or retention in her position, and VACATE the administrative judge's finding that the appellant did not prove that accommodating her medical conditions was unreasonable, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant worked for the Department of Veterans Affairs (VA) from December 13, 2015, until she resigned effective July 21, 2020. Initial Appeal File (IAF), Tab 5 at 113, 126-27. At the time of her resignation, she was an Advanced Medical Support Assistant with the Atlanta VA Health Care System. *Id*. at 113. Her duties included, "scheduling patient appointments, tracking,

reviewing, and responding to electronic orders, consults, and other elements in the electronic medical record and medical systems." *Id*. at 100. On September 5, 2020, she applied for disability retirement under FERS based on the following conditions: post-traumatic stress disorder (PTSD)/military sexual trauma (MST), retinitis pigmentosa, disc degenerative disease, sinusitis, and bursitis hip pain/chronic left knee pain, and an injury from being "hit by another veteran at work." IAF, Tab 4 at 22, Tab 5 at 130-33.

¶3　　According to the appellant's medical records, since at least May 2014, she has suffered from PTSD/MST. IAF, Tab 4 at 36. Since at least November 2014, she has had chronic maxillary sinusitis and bursitis. *Id*. at 34. Since at least November 2018, she has had retinitis pigmentosa. *Id*. at 33. Since at least June 2020, she has had back pain and was diagnosed with disc degenerative disease in November 2020. IAF, Tab 4 at 57, Tab 5 at 11. According to the appellant, her physical conditions prevented her from sitting or standing for long periods of time and negatively affected her mobility and vision. IAF, Tab 4 at 22. She reported that her emotional conditions caused "traumatic flashbacks." *Id*.

¶4　　OPM issued a reconsideration decision, denying the appellant's application for disability retirement. *Id*. at 4-7. The appellant filed an appeal of OPM's reconsideration decision and requested a hearing. IAF, Tab 1. After the appellant failed to submit prehearing submissions and attend the prehearing conference, and failed to respond to an order to show cause, the administrative judge cancelled the hearing and issued a close-of-record order. IAF, Tabs 8, 10. Following the appellant's response, the administrative judge issued an initial decision that affirmed OPM's decision. IAF, Tab 12, Initial Decision (ID) at 1, 10. She reasoned that the appellant did not show her PTSD, depression, and sinusitis caused a service deficiency in performance, conduct, or attendance. ID at 8-9. Although she concluded that the appellant failed to show that these medical conditions are incompatible with useful and efficient service or retention in her position, she did not specifically address whether her medical conditions

are inconsistent with working in general, in a particular line of work, or in a particular type of work setting. ID at 9. Lastly, she found that the appellant did not show the agency could not reasonably accommodate her medical conditions. ID at 9-10. She did not make a finding as to the whether the appellant's retinitis pigmentosa, disc degenerative disease, bursitis hip pain/chronic left knee pain, and workplace injury were disabling. ID at 9 n.3.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007); 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for a disability retirement annuity under FERS, an employee must show the following: (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); *Thorne*, 105 M.S.P.R. 171, ¶ 5; 5 C.F.R. § 844.103(a).

¶7    The administrative judge found, and the parties do not dispute on review, that the appellant met the 18-month service requirement under FERS at the time she filed her application and she did not decline a reasonable offer of reassignment to a vacant position. ID at 6; IAF, Tab 5 at 126-29, 134-35. The

administrative judge assumed without finding that the appellant's conditions were expected to continue for 1 year from the date she filed her disability retirement application. ID at 6. The administrative judge affirmed OPM's denial of the appellant's disability retirement appeal on the basis that the appellant failed to prove that she had a disabling medical condition or that accommodating that condition was unreasonable. ID at 9-10; *see Thorne*, 105 M.S.P.R. 171, ¶ 5.

¶8 There are two ways to meet the statutory requirement that the employee "be unable, because of disease or injury, to render useful and efficient service in the employee's position." *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶¶ 6-7 (2012) (applying *Henderson*, which concerned an application for disability retirement under the Civil Service Retirement System (CSRS), to FERS cases). First, an appellant can establish that the medical condition caused a deficiency in performance, attendance, or conduct, as evidenced by the effect of her medical condition on her ability to perform specific work requirements, or that her medical condition prevented her from being regular in attendance, or caused her to act inappropriately. *Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 10 (2012); *Henderson*, 117 M.S.P.R. 313, ¶ 17. Alternatively, the employee can show that her medical condition is inconsistent with working in general, in a particular line of work, or in a particular type of work setting. *Rucker*, 117 M.S.P.R. 669, ¶ 10; *Henderson*, 117 M.S.P.R. 313, ¶ 17.

¶9 The administrative judge found that the appellant failed to demonstrate that her sinusitis, PTSD/MST,[3] and depression[4] were incompatible with working or

---

[3] The medical evidence in the record indicates that the appellant's MST is part and parcel with her PTSD. IAF, Tab 4 at 36, 98. Therefore, we refer to them together as one medical condition.

[4] The administrative judge included depression in her findings, despite the fact that the appellant did not include depression as a medical condition on her disability retirement application. IAF, Tab 4 at 22. Indeed, there are a number of medical conditions

caused deficiencies in her performance, conduct, and attendance. ID at 8-9. However, while the administrative judge concluded that the appellant "failed to explain how she is medically incapable of rendering useful and efficient service," she did not explain her reasoning. ID at 9. Finally, she did not address whether the appellant's retinitis pigmentosa, disc degenerative disease, bursitis hip pain/chronic left knee pain, and work injury were disabling.[5] ID at 9 n.3. Accordingly, we supplement her analysis and find that the appellant failed to prove that any of her medical conditions was disabling.

<u>We agree with the administrative judge that the appellant failed to establish that her medical conditions caused performance, attendance, or conduct deficiencies, as modified to supplement her analysis.</u>

¶10      In her initial decision, the administrative judge found "no evidence" to show that the appellant's sinusitis caused a deficiency in her performance, conduct, and attendance. ID at 8. The administrative judge considered the appellant's statement that her sinusitis caused her to miss work; however, she found the statement was unsupported and nonspecific. *Id.*; IAF, Tab 11 at 4. To the extent that the administrative judge gave no weight to the appellant's

---

contained in the record that were not included in the appellant's disability retirement application, e.g., astigmatism, dermatophytosis, shoulder joint, thigh and knee pain, presybyopia, uterine leimyoma, dental caries, etc. IAF, Tab 4 at 32-38. The Board will only consider medical conditions listed in the appellant's disability retirement application. *Ballenger v. Office of Personnel Management*, 101 M.S.P.R. 138, ¶¶ 12-13 (2006) (clarifying that the Board may not consider a medical condition that was neither the subject of the disability retirement application in question nor the basis of OPM's disability retirement determination). Because there is no allegation or evidence in the record that these conditions are related to the conditions on which the appellant's disability retirement application is based (i.e., PTSD/MST, retinitis pigmentosa, disc degenerative disease, sinusitis, bursitis hip pain/chronic left knee pain, and a work injury from being hit by a patient), we have not considered these conditions here. IAF, Tab 4 at 22.

[5] On review, the appellant alleges that she suffered a "contusion in [her] right arm" related to a work injury when she was hit by a patient. PFR File, Tab 1 at 4. Other than the appellant's bare allegations that she was hit by a patient/veteran while on the job, *e.g.*, IAF, Tab 1 at 5, Tab 4 at 22, Tab 11 at 6; PFR File Tab 1, at 4, there is no medical evidence in the record related to her right arm contusion or work injury.

statement that her sinusitis caused her to miss work because it was unsupported, we disagree. The appellant's statement regarding the effect of her sinusitis on her attendance is entitled to some evidentiary weight. *See Henderson*, 117 M.S.P.R. 313, ¶ 19 (explaining that the Board will consider all pertinent evidence in determining an appellant's entitlement to disability retirement, including an appellant's subjective evidence of pain and disability and how the condition has affected her ability to do her job and her daily life). Nevertheless, we agree that the appellant's claim is not supported by the weight of the evidence.

¶11 The following factors, as relevant here, affect the weight to be accorded to the appellant's statement: whether it was signed or in affidavit form; the consistency of her account with other information in the case and its internal consistency; and whether the statement is corroborated or contradicted by the evidence in the record. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (listing these and other factors as affecting the weight the Board will give to hearsay evidence). The appellant's statement is sworn. IAF, Tab 11 at 3. Nonetheless, we agree with the administrative judge that it is lacking in details. The appellant stated that she had to miss work due to her sneezing, coughing, headaches, and earaches from sinusitis, which were exacerbated by working around "toxic fumes" in the emergency room and clinic, but she did not indicate how much work she had to miss.[6] *Id.* at 4. In another statement in the record, she conceded that she did not have a deficiency in attendance. IAF, Tab 5 at 118.

¶12 Further, when asked in connection with the appellant's disability retirement application if her attendance was unacceptable, her supervisor did not check either of the boxes for "yes" or "no," but typed in "employee resigned." IAF, Tab 4 at 25. She further stated that the appellant resigned after receiving "work instructions for the day." *Id.* This answer suggests that the appellant had been reporting to work prior to her resignation. Thus, we find that the appellant's

---

[6] The appellant did not claim deficiencies in attendance based on her other medical conditions or her workplace injury.

statement is inconsistent with the evidence in the record. Accordingly, we agree with the administrative judge that the appellant failed to show that her medical conditions and/or injury prevented her from being regular in attendance.

¶13    On review, the appellant also disputes the administrative judge's finding that she failed to show her medical conditions caused performance deficiencies. PFR File, Tab 1 at 4. She argues generally that her physical and mental limitations negatively affected the performance of her duties, especially when working in the emergency room, resulting in her resigning twice and receiving a "not . . . good write-up." *Id.* The appellant does not submit a copy of the write-up or provide any further information regarding these allegations. As the administrative judge noted, in November 2020, shortly after her resignation and submission of her disability retirement application, the appellant's psychologist stated that she self-reported that her psychiatric symptoms have "significantly limited her ability for optimal performance in the workplace by hindering her in managing stressors and communicating effectively." ID at 9; IAF, Tab 4 at 27. However, the administrative judge found that the appellant's self-reported limitations were "inconsistent" with her psychologist's medical notes from April to June 2020, the months leading up to her July 2020 resignation, which did not indicate that the appellant's PTSD impeded her ability to perform her duties. ID at 8-9; IAF, Tab 5 at 9-10, 16-18, 26-27, 37-38. She therefore concluded that the appellant's evidence failed to support her conclusion that she is too disabled to perform her duties. ID at 9.

¶14    We see no reason to disturb that finding, and supplement her analysis to add that the record contains evidence that the appellant did not suffer performance deficiencies. For instance, the appellant's 2020 performance appraisal, covering the period from October 2019 to September 2020, reflects that she was fully

successful.[7]  IAF, Tab 5 at 103-07.  Further, her supervisor indicated in her written statement in connection with the appellant's disability retirement application that the appellant's performance was not less than fully successful. IAF, Tab 4 at 24, Tab 5 at 103-07.  Because the appellant does not otherwise explain or provide evidence of how her physical and mental limitations negatively affected the performance of her duties, we agree with the administrative judge's finding that she failed to show her medical conditions caused performance deficiencies.

¶15    The record is also devoid of any indication that the appellant's medical conditions caused her to act inappropriately.  To the contrary, the appellant's supervisor indicated in her written statement that the appellant's conduct was satisfactory.  IAF, Tab 4 at 25.  The appellant also did not claim below or on review that her conduct was unsatisfactory.  Thus, we agree with the administrative judge that the appellant failed to show that any of her medical conditions or injury caused a deficiency in her attendance, performance, or conduct.  *See* 5 C.F.R. § 844.103(a)(2).

¶16    Lastly, the appellant appears to argue on review that the administrative judge improperly considered the fact that she was seeking employment and considering moving in her determination that the appellant's conditions are not disabling.  ID at 9; PFR File, Tab 1 at 4.  An appellant is not required to show that her disability rendered her incapable of working all positions.  *Angel v. Office of Personnel Management*, 122 M.S.P.R. 424, ¶ 14 (2015).  However, subsequent work history is relevant to whether an individual's condition is confined to a single work environment.  *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 16 (2009).  One is not entitled to a disability retirement annuity when one's medical condition is based on a single work environment, e.g., because it grew out of a personal conflict with a supervisor, or

---

[7] The appraisal is not completed or dated, presumably because the appellant resigned during the rating period.

resulted from a perceived hostile work environment due to workload or understaffing. *Id.* Thus, we see no error in the administrative judge taking into consideration the appellant's claim that she was seeking other employment, especially in light of her allegations that she resigned, not because of her medical conditions, but because "an employee ha[d] COVID-19 and . . . another employee defamed [her] character, created a hostile working environment, and made [her] fear for [her] life." IAF, Tab 5 at 119.

We modify the initial decision to provide an analysis for the administrative judge's conclusion that the appellant failed to show that any of her medical conditions or her workplace injury were inconsistent with working in general, in a particular line of work, or in a particular type of setting.

¶17    Because the administrative judge did not address the second method by which an appellant can establish that she is unable to render useful and efficient service, we modify the initial decision to add that analysis. We conclude that the appellant failed to show that any of her medical conditions or her workplace injury was inconsistent with working in general, in a particular line of work, or in a particular type of setting. *See Jackson*, 118 M.S.P.R. 6, ¶ 8. Indeed, the medical assessments in the record suggest that the appellant's medical conditions did not affect her work-related functions or her ability to work in general.

¶18    For instance, in October 2020, shortly after her July 2020 resignation, her ophthalmologist stated, "[the appellant] has peripheral retinal pigment changes that were not impacting her work-related visual function." IAF, Tab 4 at 129-30. The appellant complained that her retinitis pigmentosa causes "blind spots" and "floaters" that affect her driving to and from work, especially at night, as well as her "daytime activities." IAF, Tab 4 at 128, Tab 5 at 118. However, the Board has found that inability to commute to work due to medical restrictions is irrelevant to a disability retirement determination. *Livengood v. Office of Personnel Management*, 41 M.S.P.R. 568, 574 (1989) (finding an appellant's difficulties in commuting to work because of her pain was not a relevant consideration in a disability retirement determination under CSRS); *Jolliffe v.*

*Office of Personnel Management*, 23 M.S.P.R. 188, 191 (1984) (same), *aff'd*, 785 F.2d 320 (Fed. Cir. 1985) (Table).[8]

¶19    Similarly, with respect to her bursitis, disc degenerative disease, and left hip pain, the appellant's doctor stated in October 2020, "[she did] not have enough information yet to make a recommendation for disability on the basis of musculoskeletal pain." IAF, Tab 4 at 105. Also, the appellant's later medical records regarding her left hip further indicate "unremarkable" results with "no abnormalities" as well as "[m]ultilevel mild to moderate degenerative disc disease of the lumbar spine." IAF, Tab 4 at 83, Tab 5 at 57-58.

¶20    Lastly, the appellant generally states that her PTSD has been exacerbated by sexual harassment on the job and being physically assaulted at work, but she does not further elaborate or provide evidence that her condition or injury impairs her from working. IAF, Tab 11 at 4, Tab 5 at 118. The appellant also does not claim, nor is there any evidence in the record to support a conclusion, that any of her remaining conditions are incompatible with working in general or specifically. Accordingly, after considering the evidence in the record, both objective and subjective, we conclude that the appellant failed to show that she suffered from a medical condition or injury that was incompatible with either useful and efficient service or retention in her position. *See Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 12 (2008); 5 C.F.R. § 844.103(a)(2).

¶21    Because we find that the appellant failed to establish that her medical conditions and injury were disabling, we need not reach the issue of whether the

---

[8] Although the cited cases arise under CSRS, the applicable statutory and regulatory standards governing whether an employee has a disabling condition under CSRS and FERS are essentially identical. *Henderson*, 117 M.S.P.R. 313, ¶ 9 n.7 (citing 5 U.S.C. §§ 8337(a), 8451(a)(1)(B); 5 C.F.R. §§ 831.1203(a)(2), 844.103(a)(2)). Therefore, we apply this CSRS case law here.

remaining elements of her disability retirement claim have been met.[9] *Thorne*, 105 M.S.P.R. 171, ¶ 5; 5 C.F.R. § 844.103(a).

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[9] We note that the administrative judge found that the appellant failed to prove that accommodation of her medical conditions was unreasonable solely because the appellant did not ask for an accommodation. ID at 9-10. An appellant is not required to show that she requested accommodation in order to establish that accommodation of her disabling condition was unreasonable. *Gooden v. Office of Personnel Management*, 471 F.3d 1275, 1279 (Fed. Cir. 2006). Thus, we vacate that finding.

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[11]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.