## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIRK A. ZIHLMAN,
       Appellant,

    v.

OFFICE OF PERSONNEL
   MANAGEMENT,
       Agency.

DOCKET NUMBER
DA-844E-19-0529-I-1

DATE: September 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kirk A. Zihlman</u>, Houston, Texas, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for disability retirement benefits. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's holding that the appellant failed to demonstrate that he was unable to render useful and efficient service, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Health Science Specialist with the Department of Veterans Affairs (VA). Initial Appeal File (IAF), Tab 5 at 128. He suffers from chronic left-side spastic hemiparesis, mixed sensorineural hearing loss in the right ear, and psoriatic arthritis. *Id.* at 37; IAF, Tab 1 at 4. In March 2017, he was terminated when his research project's funding ended. IAF, Tab 5 at 128. Prior to his position ending, he filed an application for disability retirement under the Federal Employees Retirement System (FERS) based on the above conditions, which was subsequently denied by OPM. *Id.* at 23-33, 118-120. The appellant requested reconsideration of the decision, and on August 19, 2019, OPM affirmed its initial decision denying his application for disability retirement. *Id.* at 6-11, 21-22. Although OPM found that he had a medical condition defined as a disease or injury, it found that he failed to demonstrate that he was unable, because of his disease or injury, to render useful and efficient service in his prior position.

*Id.* at 8.  Based on this finding, OPM found that he failed to meet several other criteria requisite for disability retirement.  *Id.* at 9-10.

He subsequently appealed this decision to the Board.  IAF, Tab 1.  In his appeal, he explained the difficulties caused by his disability in the performance of his job.  *Id.* at 4.  He further explained that he was an exemplary employee who consistently had to push through the effects and difficulties of his disability to render effective work for the VA.  *Id.*  He also argued that he is "disabled" as defined by the Americans with Disabilities Act (ADA), and that the Supremacy Clause of the U.S. Constitution prohibits OPM from implementing a more restrictive definition of disability than the ADA.  *Id.*

After holding a hearing, the administrative judge affirmed OPM's reconsideration decision denying the appellant's disability retirement application. IAF, Tab 15, Initial Decision (ID) at 1.  In so holding, the administrative judge noted that the appellant suffered no performance deficiencies during his time with the VA.  ID at 7.  Accordingly, the administrative judge found that the appellant failed to meet his burden of showing that his medical conditions affected his ability to perform the specific work requirements of his position or his ability to report to work.  *Id.*  The administrative judge further held that, even if the appellant sufficiently established that he could not render useful and efficient service, he nonetheless failed to prove that accommodation of his condition would have been unreasonable.  ID at 7-8.  Rather, the administrative judge noted that the agency appeared to be responsive to the appellant's accommodation requests, but the appellant never requested any accommodation after 2016.  ID at 8.

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.  He repeats his argument that his performance was not deficient because he was an exemplary employee who gave all that he physically could to support the agency's mission.  PFR File, Tab 1 at 4. He further argues that the agency failed to grant his reasonable accommodation

request for a private workspace that would allow the use of a speakerphone and not require him to cross a busy street between his office space and a separate research building. *Id.* at 4-5. He also argues that the agency failed to provide a rebuttal for any of his testimony, indicating that it was unable to refute any of his arguments. *Id.* at 5. Finally, he repeats his argument that the Supremacy Clause precludes OPM's restrictive definition of a disabled person, which he contends conflicts with the definition set forth in the ADA. *Id.* at 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's challenge to OPM's authority to define and implement disability retirement rules is unpersuasive.

The appellant argues, both below and on review, that the Supremacy Clause of the Constitution prohibits OPM from creating its own definition of "disabled" that contradicts the ADA.[2] PFR File, Tab 1 at 6; IAF, Tab 1 at 4. The administrative judge did not address this argument.

Under 5 U.S.C. § 8451(a)(1)(A)-(B), an employee shall be considered disabled for purposes of receiving a disability retirement annuity only if the employee is found by OPM to be unable, because of disease or injury, to render useful and efficient service in the employee's position. *See* 5 C.F.R. § 844.102. By contrast, the ADA as amended defines "disability" as, among other things, a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(1)(A); *see* 29 C.F.R. § 1630.2(g)(1)(i). The ADA, as amended, prohibits discrimination against qualified individuals on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). Thus, Congress has defined the term "disability" differently for different purposes, and the appellant has shown no conflict in this regard. *Cf.*

_____

[2] The ADA Amendments Act, which expanded the definition of "disability" and became effective on January 1, 2009, as well as its implementing regulations, apply in this case. *See Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 23 n.6 (2015).

*Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶¶ 12-13 (2005) (holding that, although the Board must consider an award of Social Security Administration disability benefits, it is not dispositive in determining eligibility for FERS disability retirement), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

Moreover, the Supremacy Clause only prohibits state and local laws from controlling the Federal government, and thus cannot be used to challenge Federal agencies applying Federal laws. *See Augustine v. Department of Veterans Affairs*, 429 F.3d 1334, 1339 (Fed. Cir. 2005) ("It is long established that any state or local law which attempts to impede or control the federal government or its instrumentalities is deemed presumptively invalid under the Supremacy Clause.").

Here, OPM actually found that the appellant had a medical condition that is defined as a disease or injury. IAF, Tab 5 at 8-9. However, it also found that he failed to demonstrate that his disease or injury rendered him unable to provide useful and efficient service in his position of employment. *Id.* at 8. Thus, as OPM held, although the appellant sufficiently demonstrated his medical condition, he failed to demonstrate his eligibility for disability retirement benefits. As set forth below, we agree.

<u>The administrative judge correctly found that the appellant failed to demonstrate all of the requisite criteria of eligibility for disability retirement benefits.</u>

The administrative judge held that the appellant failed to meet his burden of establishing entitlement to a disability retirement annuity. ID at 8. While we agree with that ultimate conclusion, as set forth below, we vacate a portion of her finding regarding the second criterion, but affirm the initial decision's conclusion that the appellant failed to demonstrate his entitlement to a disability retirement.

In an appeal from an OPM decision denying a disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Chavez v. Office of Personnel Management*, 111 M.S.P.R. 69, ¶ 6 (2009); 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for a disability retirement annuity

under FERS, an employee must demonstrate the following criteria: (1) he completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the employee did not decline a reasonable offer of reassignment to a vacant position. *Chavez*, 111 M.S.P.R. 69, ¶ 6.

A determination on eligibility for disability retirement should take into account all competent medical evidence, including both objective clinical findings and qualified medical opinions based on the applicant's symptoms. *Id.*, ¶ 7. In addition, the determination should include consideration of the applicant's own subjective evidence of disability and any other evidence of the effect of his condition on his ability to perform in the position he last occupied. *Id.*

> *It is unclear whether the appellant's medical conditions rendered him unable to perform useful and efficient service in his position.*

The appellant here alleged that his medical conditions impacted several major life activities, made the performance of his work requirements increasingly difficult, and challenged OPM's determination that his disabilities never interfered with his job performance. IAF, Tab 1 at 4. The administrative judge held that the appellant failed to establish the second criterion of eligibility for a disability retirement because he had no performance or attendance deficiencies. ID at 7. She further noted, without much analysis, that he failed to establish that his medical conditions affected his ability to perform specific work requirements. *Id.* We find that the administrative judge failed to properly analyze whether the

appellant was unable to render useful and efficient service. Accordingly, we vacate her finding regarding that criterion.

There are two methods to demonstrate that an appellant is unable, because of disease or injury, to render useful and efficient service in their position: (1) by showing that the medical condition caused a deficiency in performance, attendance, or conduct; or (2) by showing that the medical condition is incompatible with either useful and efficient service or retention in the position. *Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012). The administrative judge did not sufficiently analyze the appellant's claim under the second method. *See Thieman v. Office of Personnel Management*, 78 M.S.P.R. 113, 116 (1998) (explaining that, after an administrative judge found that an appellant did not prove that he had a conduct or attendance deficiency related to his medical conditions, the administrative judge should have addressed whether the appellant's condition was incompatible under the alternative prong regarding disability). Under the second method, an appellant can show that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Jackson*, 118 M.S.P.R. 6, ¶ 8. An appellant's own subjective complaints of inability to work must be seriously considered, particularly when supported by competent medical evidence. *Balmer v. Office of Personnel Management*, 99 M.S.P.R. 199, ¶ 10 (2005).

In *Chavez*, the Board found that the appellant sufficiently demonstrated that her medical conditions precluded her from performing her specific work requirements as a window clerk. *Chavez*, 111 M.S.P.R. 69, ¶¶ 8-11. There, the appellant and her doctor noted that her conditions specifically interfered with her ability to interact appropriately with others at work, adapt to stress, and perform tasks requiring sustained concentration or an ability to organize, all of which were required by her position. *Id.*, ¶ 8.

Here, the appellant explained that he is paralyzed on his left side, and most profoundly in his left arm. IAF, Tab 1 at 4. He further explained that he is right-handed and has hearing loss in his right ear. *Id.* The appellant's position description identifies several major duties, all of which reference conducting various types of interviews in the performance of said duties. IAF, Tab 5 at 73-74. According to the appellant, most of his work and these interviews are conducted over the telephone. PFR File, Tab 1 at 5; IAF, Tab 1 at 4. As explained by the appellant, he has increased difficulty making telephone calls to collect data, given that he writes and types with his right hand and thus has no way to simultaneously hold a telephone. IAF, Tab 1 at 4. This is generally supported by his medical documentation. IAF, Tab 5 at 37, 41-69. Specifically, his doctor noted that the appellant "finds it increasingly difficult with right-sided hearing loss and left-sided hemiplegia to do his job which requires extensive telephone use and writing." *Id.* at 37.

There is a serious question as to whether this is sufficient to demonstrate that his medical condition was inconsistent with the specific work requirements of a Health Science Specialist. However, we need not resolve this issue on review because, as set forth below, we agree with the administrative judge that the appellant failed to prove that accommodation of his disabling medical condition was unreasonable. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

> *The administrative judge correctly found that the appellant failed to prove that accommodation of his disabling medical condition was unreasonable.*

The appellant on review argues that the agency failed to provide his requested accommodations and failed to rebut his testimony. PFR File, Tab 1 at 4-5. The administrative judge found that the appellant failed to prove

accommodation of his condition was unreasonable, and that the agency was responsive to his accommodation requests to aid him with any difficulty he was experiencing. ID at 7-8. We agree with the administrative judge.

Under FERS, an individual is not eligible for disability retirement benefits if there is a reasonable accommodation for the disabling condition in the position held. *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 29 (2009). Indeed, if there is an accommodation that enables the employee to perform the critical or essential duties of his position of record, the employee may not receive disability retirement. *Chavez*, 111 M.S.P.R. 69, ¶ 13. Accommodation is defined as a reasonable adjustment made to an employee's job or work environment that enables the employee to perform the duties of the position. 5 C.F.R. § 844.102. Among possible accommodations are modifying the worksite and obtaining or modifying equipment or devices. *Id.*

The appellant here stated that roughly 70% of his work involves conducting telephonic interviews, which are a part of several of his major work duties. PFR File, Tab 1 at 5; IAF, Tab 5 at 73-74. As discussed above, the appellant's left-side paralysis and right-side hearing loss made it increasingly difficult to make telephone calls to collect data for his job, given that he writes and types with his right hand. IAF, Tab 1 at 4, Tab 5 at 37. The appellant further explained that, due to the sensitive nature of the data being collected, conducting the calls on a speakerphone was not appropriate. IAF, Tab 1 at 4. In his initial appeal, the appellant suggested that an earpiece or headset would have alleviated these difficulties, but he was never given such accommodations. *Id.* As held by the administrative judge, the record is devoid of any evidence that the appellant requested any type of headset and that such request was denied by the agency. ID at 8.

Nevertheless, as our reviewing court has held, there is no basis in the relevant statutes or regulations that requires an applicant for disability benefits to actually *request* an accommodation. *Gooden v. Office of Personnel Management*,

471 F.3d 1275, 1279 (Fed. Cir. 2006). Similarly, it is irrelevant for disability retirement purposes whether the agency has refused to accommodate an appellant. *Dec v. Office of Personnel Management*, 47 M.S.P.R. 72, 79 (1991). Rather, the issue is whether the agency is unable to reasonably accommodate the appellant. *Gooden*, 471 F.3d at 1279. Here, we find that the appellant did not meet this burden by preponderant evidence. *See* 5 C.F.R. § 1201.56(b)(2)(ii). Although the appellant did not request an earpiece or headset, we find, consistent with the appellant's allegations on review, that providing him with a hands-free telephone option is a reasonable accommodation that would have enabled him to perform the critical or essential duties of his position. *See* 5 C.F.R. § 844.102 (noting that an accommodation may include obtaining equipment or devices). Accordingly, he is not entitled to receive disability retirement benefits. *See Confer*, 111 M.S.P.R. 419, ¶ 29; *Chavez*, 111 M.S.P.R. 69, ¶ 13.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        *Gina K. Grippando*
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.