NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JAMIL NASSAR,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2024-1276

_____

Petition for review of the Merit Systems Protection Board in No. CH-844E-23-0154-I-1.

_____

Decided: February 6, 2025

_____

JAMIL NASSAR, Dublin, OH, pro se.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

_____

Before STOLL and STARK, *Circuit Judges*, and GOLDBERG, *Chief District Judge*.[1]

PER CURIAM.

Jamil Nassar appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming the Office of Personnel Management's (OPM's) denial of Mr. Nassar's application for disability retirement benefits under the Federal Employees' Retirement System (FERS). *Nassar v. Off. of Pers. Mgmt.*, No. CH-844E-23-0154-I-1, 2023 WL 5938491 (M.S.P.B. Sept. 7, 2023) (*Decision*), S.A. 4–21.[2] For the following reasons, we affirm.

## BACKGROUND

For approximately four and a half years, Mr. Nassar served as a Housekeeping Aid at the Department of Veterans Affairs ("VA") Chalmers P. Wylie Ambulatory Care Center in Columbus, Ohio. In January 2022, Mr. Nassar separated from service after contracting COVID-19, which the Department of Labor later termed a "traumatic injury" under the Federal Employees' Compensation Act. S.A. 31–33; *see also Decision*, S.A. 11–12.[3]

In April 2022, Mr. Nassar submitted his application for disability retirement benefits. He argued that his combination of diabetes and COVID-19 rendered him "unable to perform 100% on a professional level." S.A. 52. The following month, OPM received Mr. Nassar's application, and in

---

[1]    Honorable Mitchell S. Goldberg, Chief Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[2]    "S.A." refers to the Supplemental Appendix filed with the Government's Informal Response Brief.

[3]    The electronic version of the decision lacks page numbers, so we cite to the pagination used in the decision at S.A. 4–21.

July 2022, OPM initially denied Mr. Nassar's application, stating that his medical provider did not specify any "activity . . . restrictions." S.A. 44–46. Mr. Nassar sought reconsideration of OPM's initial decision, relying on additional medical documentation. In December 2022, OPM affirmed the initial decision. S.A. 37. OPM reasoned that Mr. Nassar's medical records "failed to support [a finding that his] conditions restricted [him] from performing useful and efficient service." S.A. 40.

Mr. Nassar appealed OPM's final denial of his application for disability retirement benefits to the Board. Mr. Nassar alleged that OPM "fail[ed] to review all revelant [sic] facts" in view of his COVID-19 diagnosis, and that his separation from service was a "force[d] retirement." S.A. 28. The Administrative Judge issued an Initial Decision affirming OPM's denial of disability retirement benefits because "no service deficiencies . . . were noted by his supervisor prior to his resignation, and . . . medical documentation . . . did not support the conclusion that he was no longer able to perform useful and efficient service in his position as a housekeeping aid." *Decision*, S.A. 4, 9. The Administrative Judge also stated even if Mr. Nassar had shown a service deficiency, a FERS retirement annuity requires five years of "minimum creditable service time," which Mr. Nassar had not met. *Decision*, S.A. 11. The Initial Decision became the final decision of the Board on October 12, 2023. Informal Resp. Br. 1; *see also Decision*, S.A. 13. Mr. Nassar timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

"[I]ssues of law regarding decisions on disability applications are reviewable: [Judicial] review is available to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart

of the administrative determination."[4]  *Vanieken-Ryals v. Off. of Pers. Mgmt.*, 508 F.3d 1034, 1038 (Fed. Cir. 2007) (quoting *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 791 (1985)) (second alteration in original) (internal quotation marks omitted).  Factual determinations regarding an applicant's disability, however, are "final and conclusive" and "not subject to review."  5 U.S.C. § 8347(c); *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 624–25 (Fed. Cir. 1995).

Here, Mr. Nassar requests that we "reevaluat[e his case, including] . . . the assessments made by medical professionals."  Informal Br. 3.  But we are precluded from reviewing the factual underpinnings of the Board's disability determination.  *Anthony*, 58 F.3d at 626 (citing *Lindahl*, 470 U.S. at 791).

Although Mr. Nassar does not raise procedural issues, he does refer to potential violations of "regulations governing veterans' benefits."  Informal Br. 3.  The federal regulations identified by Mr. Nassar, however, are unrelated to the issue before this court.  Mr. Nassar's appeal concerns disability retirement benefits, not veterans' benefits.  Further, we acknowledge that the Board made a mistake when it applied the five-part test articulated in 5 C.F.R. § 844.103(a), approved by this court, to determine whether

---

[4]  In addition to his instant appeal pertaining to OPM's denial of disability retirement benefits, Mr. Nassar has filed multiple challenges to his separation from service, alleging harassment and discrimination by the VA based on age, disability, race, and religion.  *See* Complaint, *Nassar v. Fulmore*, No. 2:23-cv-740 (S.D. Ohio Feb. 23. 2023), ECF No. 1-1;  Informal Br. 15, 38–39.  Mr. Nassar's discrimination allegations concern conduct by his former employer, the VA, whereas this appeal concerns the conduct of a different agency, OPM.  Accordingly, Mr. Nassar's discrimination claims against the VA are not part of the instant appeal and not currently before this court.

a person is entitled to disability retirement benefits. *See Gooden v. Off. of Pers. Mgmt.*, 471 F.3d 1275, 1280 (Fed. Cir. 2006) (citing 5 U.S.C. § 8451 and 5 C.F.R. § 844.103(a)); *Decision*, S.A. 6 (citing 5 C.F.R. § 844.103). This test requires, in part, that Mr. Nassar have "completed at least 18 months of civilian service that is creditable," but the Administrative Judge erroneously required a longer period, stating that Mr. Nassar "did not reach the five-year minimum creditable service time." *Decision*, S.A. 6, 11. That said, this error is harmless because he found that Mr. Nassar did not meet his burden to establish medical inability to perform "useful and efficient service," 5 U.S.C. § 8451(a)(1)(B)—a requirement for disability retirement benefits—and this finding is not subject to judicial review. *See Decision*, S.A. 9–11; *Lindahl*, 470 U.S. at 791 ("[T]he factual underpinnings of § 8347 disability determinations may not be judicially reviewed.")

## CONCLUSION

We have considered Mr. Nassar's remaining arguments and do not find them persuasive. For the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

### COSTS

No costs.