**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| STEPHANIE M. REDDING, | DOCKET NUMBER |
| Appellant, | DC-844E-22-0366-I-3 |
| v. | |
| OFFICE OF PERSONNEL | DATE: June 9, 2026 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leah Bachmeyer Kille, Esquire, Lexington, Kentucky, for the appellant.

Linnette Scott and Latina Sanders, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed OPM's reconsideration decision that denied her application for disability retirement related to her vision impairment under the Federal Employees' Retirement System (FERS). On petition for review, she argues that the administrative judge incorrectly decided three of the five criteria required to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

receive a disability retirement annuity and made erroneous findings of material fact. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant did not decline an offer of reassignment to vacant position, we AFFIRM the initial decision.

To qualify for disability retirement benefits under FERS, an employee must establish that: (1) she has completed at least 18 months of civilian service creditable under FERS; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a service deficiency in performance, conduct, or attendance, or, if there is no such actual service deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date the disability retirement application is filed; (4) accommodation of the disabling medical condition must be unreasonable; and (5) she must not have declined a reasonable offer of reassignment to a vacant position. *Angel v. Office of Personnel Management*, 122 M.S.P.R. 424, ¶ 5 (2015) (citing 5 C.F.R. § 844.103(a)). The parties agree that the first criterion is met, and the administrative judge concluded that the third

criterion is met. *Redding v. Office of Personnel Management*, MSPB Docket No. DC-844E-22-0366-I-1, Initial Appeal File (IAF), Tab 21 at 1 (stipulation 1); *Redding v. Office of Personnel Management*, MSPB Docket No. DC-844E-22-0366-I-3, Appeal File, Tab 10, Initial Decision (ID) at 9. The appellant challenges the administrative judge's determinations on the second, fourth, and fifth criteria. Petition for Review (PFR) File, Tab 1 at 5-15.

The second criterion of § 844.103(a), as applicable here, requires that an employee, while employed in a position subject to FERS, became disabled because of a medical condition, resulting in a service deficiency in performance, conduct, or attendance. 5 C.F.R. § 844.103(a)(2). The administrative judge concluded that the appellant suffered from a disability. ID at 11. "When that disability began is somewhat unclear, but based on the appellant's undisputed testimony, her condition worsened while she was at [the Federal Law Enforcement Training Center]." *Id.* The administrative judge found it more likely than not that the appellant stopped coming to work because she preferred to seek disability retirement benefits and believed continuing to work would impede that effort. ID at 15. The administrative judge based this finding on the testimonies of two employees. *Id.*

The appellant disagrees with the administrative judge's reasoning for her lack of attendance at work. PFR File, Tab 1 at 5-6. She asserts that she stopped attending work both due to her medical conditions and because of her belief that her prior disability retirement application had been granted. *Id.* The Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); B*roughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). Furthermore, when an administrative judge has held a hearing and has made credibility determinations that were, as is the case here, explicitly or implicitly based on witness demeanor, the Board must defer to those credibility

determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has provided no sufficiently sound reason for overturning the administrative judge's credibility determinations.

The fourth criterion of 844.103(a) requires that accommodation of the disabling medical condition in the position held must be unreasonable. 5 C.F.R. § 844.103(a)(2). The administrative judge concluded that the appellant did not establish that her medical condition could not be accommodated. ID at 15. The burden of proof is not on the employing agency to show that it could have accommodated the appellant, but on the appellant to show that accommodation of the disabling medical condition in the position held is unreasonable. *Orosco v. Office of Personnel Management*, 100 M.S.P.R. 668, ¶ 12 (2006).

On January 10 and 24, 2020, the agency attempted to accommodate the appellant's vision-related disability by providing an interim limited duty assignment in which she would not be required to use a monitor, she could use printed materials, and she could reduce the lighting. IAF, Tab 6 at 38, Tab 7 at 203. The appellant raises two issues regarding this accommodation. First, she asserts that the interim position was not within her medical restrictions. PFR File, Tab 1 at 10. The appellant claims that the interim assignment "specifically listed use of PowerPoints and continued use of computers." *Id.* This statement contradicts the text of the interim limited duty assignment, which states that "[y]ou will not be required to use a monitor while performing these duties," "[y]ou will utilize printed training material," and "[y]ou may reduce the lighting . . . if needed." IAF, Tab 6 at 38, Tab 7 at 203.

Second, she claims that the interim position does not meet the legal definition of an accommodation. *Id.* at 10-11. The appellant cites *Bracey v.*

*Office of Personnel Management*, 236 F.3d 1356 (Fed. Cir. 2001), for the proposition that a light duty assignment cannot be considered an accommodation for disability retirement purposes. *Id.* at 11. In *Bracey*, the U.S. Court of Appeals for the Federal Circuit held in the context of a Civil Service Retirement System disability retirement application that an assignment of an appellant to a lower-graded job unrelated to his Electronics Worker position cannot be considered an accommodation because it did not enable him to continue to perform the duties of his official position.[2] 236 F.3d at 1360-61. We find the instant matter to be distinguishable from *Bracey* because the agency's interim limited duty assignment would have the appellant continue the teaching duties of her official position but do so without using technology, which could aggravate her medical conditions. IAF, Tab 6 at 38, Tab 7 at 203.

The agency attempted to provide an interim limited duty assignment that would have let the appellant try to perform the teaching duties of her official position without using technology, which could have aggravated her medical conditions. IAF, Tab 6 at 38, Tab 7 at 203. However, she did not report to work during the time when that assignment was set to take place. ID at 15 (citing hearing testimony). Thus, the record does not reflect whether these reasonable accommodations could have accommodated her medical conditions. In addition, the appellant has not cited to record evidence to support her burden that it would be unreasonable to accommodate her. Therefore, we affirm the administrative judge's finding that the appellant has not proven this criterion.

The fifth criterion states that the appellant must not have declined a reasonable offer of reassignment to a vacant position. 5 C.F.R. § 844.103(a)(5). The administrative judge found that "[a]lthough the appellant did not decline an offered reassignment, she did not allow the agency the opportunity to reach that

---

[2] In *Marino v. Office of Personnel Management*, the Federal Circuit extended the *Bracy* holding to cases of employees seeking disability retirement under FERS. 243 F.3d 1375, 1377-78 (Fed. Cir. 2001).

stage of the reasonable accommodation process before she withdrew from the process, [and] it is possible there was a vacant position which she could have filled." ID at 16. Through this language, the administrative judge suggests, but does not state, that the appellant did not satisfy this criterion. *Id.* The appellant claims that the administrative judge erred by requiring her to prove that a reasonable offer of reassignment could not have been made. PFR File, Tab 1 at 14-15 (citing *Gooden v. Office of Personnel Management*, 471 F.3d 1275 (Fed. Cir. 2006)).

"[T]he relevant statute and regulation only require an applicant for disability benefits to demonstrate that she *did not decline* a reasonable offer of reassignment; the statute and regulations do not require an applicant to demonstrate that a reasonable offer of reassignment *could not have been made.*" *Gooden*, 471 F.3d at 1281 (emphases in original). In this case, the appellant satisfied this criterion because there is no evidence in the record that she declined a reasonable offer of reassignment. The fact that the appellant withdrew from the reasonable accommodation process, which may have prevented the agency from making an offer of reassignment, is inconsequential to the analysis of this criterion. *See id.* Therefore, we modify the initial decision to reflect that appellant met this criterion.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.